UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the Matter of | : | Case No. 12-37275/JHW |
| Samuel M. Yampell | : | **OPINION ON MOTION** |
| Debtor | : | **TO AVOID LIENS** |

APPEARANCES:   E. Richard Dressel, Esq.
               Flaster Greenberg P.C.
               Commerce Center
               1810 Chapel Avenue West
               Cherry Hill, New Jersey 08002-4609
               Counsel for the Debtor

The debtor seeks here to avoid, pursuant to 11 U.S.C. § 522(f), several liens asserted against his principal residence and a second property. For the reasons expressed below, the debtor's motion with respect to the two tax liens is denied. The debtor's motion with respect to three of the judicial liens is granted as to his principal residence and denied as to his second parcel of real property.

**FACTS**

Samuel M. Yampell filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 19, 2012. As is relevant here, the debtor scheduled an interest in two parcels of real property: a joint tenancy with a right of survivorship in his principal residence located at 127 Fenwick Road, Cherry Hill, New Jersey and a tenancy in common interest in property located

at 415 Peyton Avenue, Haddonfield, New Jersey.  Both tenancies are held with his non-debtor father, Elliott Yampell.  In Schedule C, the debtor valued the Fenwick Road property at $270,000 and the Peyton Avenue property at $300,000.  The debtor claimed a homestead exemption of $10,800.00 in the Fenwick Road property pursuant to 11 U.S.C. § 522(d)(1), but did not claim an exemption in the Peyton Avenue property.

The debtor scheduled a first mortgage held by Ocwen Loan Servicing, LLC in the amount of $197,647.87 against the Fenwick Road property and a first mortgage held by Bank of America Home Loans in the amount of $158,200.96 against the Peyton Avenue property.  The debtor listed Fulton Financial Corporation ("Fulton") as holding a second mortgage against both properties in the amount of $798,097.81.  Fulton subsequently moved for and was granted relief from the automatic stay to proceed with foreclosure with respect to both properties.[1]  The Bank of America also moved for and was granted relief from the automatic stay with respect to the Fenwick Road property.  Showing an obvious lack of equity, both properties were abandoned by the Chapter 7 trustee, Brian Thomas.

---

[1] According to the relief from stay motion, the second mortgage held by Fulton is actually two separate notes:  a first mortgage in the amount of $200,000 granted in 2004 by the debtor and his father, later amended and increased to $775,000 in 2008, and a second mortgage/line of credit in the amount of $450,000 executed in 2008 by the debtor.  In its motion for stay relief, Fulton indicated that as of October 12, 2012, the amount due on the first mortgage was $412,192.05 and the amount due on the second mortgage was $385,905.76.  For our purposes here, both loans may be considered as one claim.

In his Statement of Financial Affairs, the debtor listed several creditors who had obtained judgments in collection actions filed against him. On March 1, 2013, the debtor moved for an order avoiding and discharging the judgment liens held by USA Processing, Inc., 110 Kings Highway East Associates, LLC, the State of New Jersey, Division of Taxation, the Mortie Reiff Company and Charles Foulke, Jr. pursuant to 11 U.S.C. § 522(f). Specifically, the debtor seeks to avoid six separate liens (listed newest to oldest):

(1) No. J-182899-2012 in the amount of $14,437.54 plus costs held by the Mortie Reiff Company and obtained on August 31, 2012;

(2) No. J-170896-2012 in the amount of $57,000 plus costs held by Charles Foulke, Jr. and obtained on August 14, 2012;

(3) No. J-135684-2012 in the amount of $30,188.68 plus costs of $240 held by 110 Kings Highway East Associates, LLC and obtained on July 2, 2012;

(4) No. J-042580-2012 in the amount of $23,291.26 plus costs of $246.56 and attorneys' fees held by USA Processing, Inc., d/b/a USA Payroll and obtained on February 23, 2012;

(5) No. DJ-144425-2009 in the amount of $27,242.73 held by the State of New Jersey, Division of Taxation and obtained on June 25, 2009; and

(6) No. DJ-201395-2006 in the amount of $147,552.98 held by the State of New Jersey, Division of Taxation and obtained on August 10, 2006.

The debtor contends that since the total of the first and second mortgages plus the debtor's homestead exemption exceeds the value of the debtor's interest in the Fenwick Road property, all six liens should be fully avoided pursuant to section 522(f) as impairing his exemptions. As noted above, the debtor claims an exemption of $10,800 on the Fenwick Road property under 11 U.S.C. §

3

522(d)(1).  The debtor offers the same analysis with respect to the Peyton Avenue property, even though he does not claim an exemption in that property.

Prior to the hearing in this matter, the debtor reached a consensual arrangement with the Mortie Reiff Company on March 25, 2013 whereby the debtor's motion to avoid the creditor's judicial lien was denied without prejudice.  The debtor reserved the right to refile its motion pending the resolution of an anticipated nondischargeability action to be filed by the creditor.

## **DISCUSSION**

Section 522(f)(1) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is (A) a judicial lien." 11 U.S.C. § 522(f)(1).  The Bankruptcy Code recognizes three types of liens:  judicial, statutory, and consensual.  A judicial lien is "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."  11 U.S.C. § 101(36).  A statutory lien refers to a "lien arising solely by force of a statute on specified circumstances or conditions . . . but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by

4

statute." 11 U.S.C. § 101(53).  A consensual lien is a lien or security interest that is created by consent or by agreement, such as a mortgage agreement. See 11 U.S.C. § 101(51).  See also In re Pfiester, 449 B.R. 422, 426 (Bankr. D.N.M. 2011) ("Congress intended for consensual liens or liens by agreement to be defined as security interests.").

Two of the judgment liens in question are tax liens.  Exhibit A attached to the debtor's certification in support of the motion to avoid the judgment liens is a copy of a judgment search performed with respect to the debtor and his father.  The judgment search reveals that the two tax liens were imposed based on Certificates of Debt ("COD") issued against the debtor by the State of New Jersey, Division of Taxation.

In In re Sullivan, Judge Lyons addressed circumstances in which a COD was issued against the debtor by the State of New Jersey, Division of Taxation, for delinquent income taxes.  In re Sullivan, 254 B.R. 661 (Bankr. D.N.J. 2000).  Judge Lyons noted that under the N.J. State Tax Uniform Procedure Law, state taxes become a lien and are enforceable on the day that the assessment is made.  Id. at 664, citing to N.J.S.A. 54:48-1.  "Once a tax is properly assessed, no judicial action is required to enforce the state's lien." Id. The Division of Taxation can then enforce the lien by either filing a warrant of execution on the taxpayer's property, or by filing a COD with the clerk of the Superior Court.  The tax lien is created by statute, not by the filing of the COD,

5

which serves merely as "an alternate collection remedy." Id. at 665. See also In re Schick, 418 F.3d 321, 326 (3d Cir. 2005) ("the requirement that the certificates of debt be docketed is one of the specified conditions for the creation of the statutory lien").

Here, the tax liens sought to be avoided must be characterized as statutory liens, and not judicial liens. The debtor may not use section 522(f) to avoid statutory tax liens. In re Schick, 418 F.3d 321 (3d Cir. 2005). The debtor's motion to avoid the two tax liens is denied.[2]

We turn then to the application of section 522(f)(2) with respect to the remaining three judgment liens. Section 522(f)(2) provides a mathematical calculation to determine when a lien should be considered as impairing the debtor's exemption. It provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of -
>
> (i)    the lien,
>
> (ii)   all other liens on the property; and
>
> (iii)  the amount of the exemption that the debtor could claim if there were no liens on the property;

---

[2] The debtor's Certificate of Service on this motion with respect to the taxing authorities also fails to conform with the Register of Federal and State Government Unit Addresses provided on the court's website at: http://www.njb.uscourts.gov/content/register-governmental-units. If the debtor elects to seek reconsideration of this portion of the decision, notice of the pleading and the underlying motion and supporting documents must be served on the taxing authorities at the addresses provided on the court's website.

>   exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).  Where the debtor seeks to avoid more than one judicial lien on a given property, as each lien is avoided, it is no longer considered in the calculations to remove the remaining judicial liens.  11 U.S.C. § 522(f)(2)(B).  We will separately address the debtor's motion to avoid the judicial liens on the Fenwick Road and Peyton Avenue properties.

    A.    <u>Fenwick Road Property</u>.

We consider first debtor's motion to avoid the lien held by Charles Foulke, Jr. with respect to the debtor's principal residence, the Fenwick Road property.  Where the debtor seeks to avoid more than one judgment lien on a property, we calculate the § 522(f)(2) impairment with regard to the most junior lien first, an approach that honors state law lien priority schemes.  <u>See</u> <u>In re Meyer</u>, 373 B.R. 84, 87 (9th Cir. BAP 2007) ("Otherwise valid judicial liens that are being avoided under § 522(f) as impairing exemptions are deducted in reverse order of priority."); <u>In re Heaney</u>, 453 B.R. 42, 49 (Bankr. E.D.N.Y. 2011) ("each lower priority lien is avoided until the sum of all remaining liens, non-avoidable as well as potentially avoidable liens, plus the exemption amount, does not exceed the value of the property").  If the most junior lien

may be exempted, then all of the more senior judgment liens may also be exempted.

As outlined in section 522(f)(2)(A), we consider the extent to which the sum of (1) the lien in question, (2) all other liens on the property, plus (3) debtor's homestead exemption, exceeds debtor's interest in the property absent any liens.  In this case, we add the value of the most junior lien that the debtor is seeking to avoid, $57,000, to the value of all other liens against the property, $1,238,458.87, representing the interests held by the first and second mortgagees ($995,745.68), the tax liens ($174,795.71) and the other senior in priority judicial liens ($67,917.48).  To this sum, we add $10,800, the value of the debtor's claimed homestead exemption.  We then compare this total amount, $1,249,258.87, to the value of debtor's interest in the property absent the existence of any liens, $270,000.00.[3]  The debtor's exemption is thus clearly impaired and the Foulke judicial lien, as well as the judicial liens held by 110 Kings Highway East Associates, LLC, and USA Processing, may be avoided pursuant to section 522(f) as to the Fenwick Road property.

---

[3] Because the property is owned by the debtor and his non-debtor father as joint tenants and the first and second mortgages were executed by both parties, and there is no resulting equity in the property, we need not "divide" the property to reflect the debtor's one half interest as a joint tenant.  See In re Miller, 299 F.3d 183 (3d Cir. 2002).

8

B.    Peyton Avenue Property.

The debtor's quest to avoid those same judicial liens as to the Peyton Avenue property, however, must be denied. Section 522(f) provides for relief only to extent that the judicial liens in question "impair[] an exemption to which the debtor would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(f)(1). Here, the debtor has not asserted an exemption with respect to the Peyton Avenue property, nor has he offered any rationale whereby he would have been entitled to an exemption under subsection (b) of section 522. The debtor listed the Fenwick Road property as his principal residence and appropriately claimed a homestead exemption on that property pursuant to section 522(d)(1). See In re Stoner, 487 B.R. 410, 417 (Bankr. D.N.J. 2013) (equating use of "residence" in exemption language with a homestead and a degree of permanence). Accordingly, he would not also be entitled to a homestead exemption for the Peyton Avenue property. See Lanier v. Beaman, 394 B.R. 382, 384 (E.D.N.C. 2008) (debtor's residence for exemption purposes does not include land bought separately, separated by a fence, and used for purposes other than typical day to day residential household activities); In re Beck, 471 B.R. 187, 189-90 (Bankr. W.D.Ky. 2012) (separate property with a separate address was not entitled to a homestead exemption); In re Keena, No. 09–14663, 2011 WL 6293219 (Bankr. W.D.Wis. Dec. 13, 2011) (adjacent vacant lot owned by the debtor was not "used" as a residence and could not be exempted). He has not asserted any other basis to

support entitlement to an exemption in the Peyton Avenue property. Since the debtor is not entitled to an exemption under section 522(d), there cannot be impairment, and relief under section 522(f) would not otherwise be available to the debtor. See Owen v. Owen, 500 U.S. 305, 311-12, 111 S. Ct. 1833, 1837, 114 L.Ed.2d 350 (1991) (the "baseline" for a § 522(f) motion is whether the debtor is entitled to claim an exemption); In re Dana, 136 B.R. 813, 814 (Bankr. D.Neb. 1990) (a lien cannot be avoided where there was no exemption to impair). Cf. In re Hamilton, 286 B.R. 291, 293 (Bankr. D.N.J. 2002) (denying motion where debtor had no property for a lien to attach). Because the liens on this property are not avoidable, they remain enforceable and will survive the debtor's discharge in bankruptcy. Dewsnup v. Timm, 502 U.S. 410, 418, 112 S. Ct. 773, 116 L.Ed.2d 903 (1992). The debtor's motion seeking to avoid the judicial liens in question with respect to the Peyton Avenue property is therefore denied.

Dated:  May 31, 2013                             _____
                                                 JUDITH H. WIZMUR
                                                 JUDGE, U.S. BANKRUPTCY COURT